CONSTANTINE & PICKERING S. S. CO. v. TWEEDIE TRADING CO.

(Circuit Court of Appeals, Second Circuit. February 11, 1908.)

No. 137.

SHIPPING—CONSTRUCTION OF CHARTER PARTY—PAY OF WINCHMEN.

A provision of a charter party requiring the vessel to furnish steam winches for loading and discharging, and to provide men for working the same as required, is fulfilled by the vessel by tendering competent seamen to work the winches, and, if their services are refused because the stevedores employed by the charterer refuse to work with them, or for other reason, the cost of employing other winchmen cannot be charged to the vessel or owners.

Appeal from the District Court of the United States for the Southern District of New York.

Convers & Kirlin (J. P. Kirlin and John M. Woolsey, of counsel), for appellant.

R. J. M. Bullowa and Wheeler, Cortis & Haight, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. The owners of the steamer Brookwood filed this libel against the charterer for balance of charter hire, against which the charterer sought to set off money paid by it for men to work the steamer's winches. Clause 24 of the charter party regulates the subject in these words:

"Steamer to work day and night if required by charterers, and all steam winches to be at charterers' disposal during loading and discharging, and steamer to provide men to work same both day and night as required; charterers agreeing to pay extra expense, if any, incurred by reason of night work, at the current local rate."

The steamer offered seamen to work the winches both at New York, where the steamer loaded, and at various ports in South America, where she discharged. The charterers' stevedores refused to work with them. The testimony shows that the seamen were accustomed to work the winches, and there is no evidence that they were incompetent. The only reason given for the refusal to work with them is that in the port of New York stevedores do not think sailors sufficiently skillful in operating the winches to allow cargo to be lowered as quickly as is required with safety to the longshoremen. There have been different rulings on this point in this district. Golcar Steamship Company v. Tweedie Trading Company (D. C.) 146 Fed. 563; British

Maritime Trust, Limited, v. Munson Steamship Line (D. C.) 149 Fed. 533; The Santona (D. C.) 152 Fed. 516. We think that the steamer fulfills her obligations under this clause when she tenders to the charterer men competent to work the winches. She is to be regarded in this case as having supplied the charterer with working winches, and, if the charterer for any reason cannot get its stevedores to use the winches in loading or discharging cargo, the loss so incurred is not chargeable to the steamer. If the services of competent winchmen are refused, either because the charterer wishes greater speed, or for the reason that the longshoremen, because of labor union regulations or otherwise, refuse to work with them, the expense of substitutes must be borne by the charterer.

The decree is reversed, with costs.